[No. 2096.   Decided April 11, 1896.]

SARAH WOODWARD, *Respondent*, v. GUSTAVE WINEHILL
et al., *Defendants*, FRED RICE ROWELL, *Receiver, Ap-
pellant*.

CONSTITUTIONAL LAW — IMPAIRMENT OF CONTRACTS — MORTGAGE FORE-
CLOSURE — JURISDICTION TO APPOINT RECEIVER — FORCIBLE ENTRY
AND DETAINER — JUDGMENT.

The act of March 7, 1891, imposing certain penalties upon any
tenant who wrongfully continues in possession of premises after a
violation on his part of the terms of a lease, is applicable to con-
tracts entered into before its passage, although the penalties are in-
creased by the later law, as it comes under the rule that a change
in the remedy incident to existing contracts may be made without
affecting rights thereunder.

The fact that a receiver had been appointed in a suit brought to
foreclose a mortgage against the lessee would not deprive the lessor
of the right to obtain possession of the premises by a proceeding
under the forcible entry and detainer act, even if the lessor had
been made a party to the foreclosure suit.

Notice to a receiver for the lessee of premises to surrender pos-
session is unnecessary when notice was served upon the lessee prior
to the appointment of the receiver.

The appointment of a receiver in a foreclosure suit for the pur-
pose of looking after the rights of the lessee of premises and his
creditors does not authorize such receiver to represent the rights of
the lessor.

The fact that judgment in an action brought under the forcible
entry and detainer act declares a forfeiture of the lease is harmless
error, since the lessee could, under that act, by performance of the
conditions of the judgment, be restored to his rights under the
lease, whether or not a forfeiture had been adjudged.

Appeal from Superior Court, King County.—Hon.
RICHARD OSBORN, Judge.   Affirmed.

*Donworth & Howe*, for appellant.

*Frank P. Lewis*, for respondent.

The opinion of the court was delivered by

Hoyt, C. J.—This action was brought under the landlord and tenant act of March 7, 1891 (Laws, p. 179). A demurrer was interposed to the complaint, and upon the action of the court in overruling the same is founded the first claim that the judgment should be reversed.

It appeared from such complaint that the lease under which the property sought to be recovered was held was executed prior to the passage of the act of March 7, 1891, and upon the claim that by reason of that fact the provisions of said act were not applicable, is founded the principal argument that the complaint is insufficient. The contention of the appellant upon this question is that the act of 1891 so changed the remedies available to the landlord that the value of a lease executed before its passage would be substantially affected, if its provisions were made applicable to such a lease, and that for that reason the change in the statutory provisions, though in form relating only to the remedy, had such effect upon the contract that they were unconstitutional if applied to leases in existence at the time of the passage of the act. It is claimed that the law in force at the time the lease in question was executed gave to the lessee certain rights which were substantially changed by the provisions of that act.

That legislation may so change the remedy incident to a contract as to make such change unconstitutional when applied to those executed before its passage may be conceded, but that such is the case in no manner interferes with the general rule, which is so well established that the citation of authorities in its support would be unwarranted, that a change in the remedy incident to existing contracts does not so affect rights

thereunder as to make the law effecting the change
unconstitutional when applied to such existing con-
tracts. It is only when such remedy is so interwoven
with a substantial right flowing from the contract that
any change therein will substantially affect the value
of the contract, that rights thereunder will be impaired
within the meaning of the provision in the constitu-
tion of the United States and of this state, which pro-
hibits the legislature from impairing the obligation of
contracts. If the remedy which the landlord had
prior to the act of 1891 was so changed by that act as
to deprive the lessee of any substantial right growing
out of the lease, though such deprivation was under
the guise of a change in the remedy, such change, if
applied to existing leases would be void. . But, in our
opinion, the change complained of was not of this
kind. Neither the remedies afforded the landlord un-
der the law in force at the time the lease in ques-
tion was executed, nor those under the act under
consideration, could be said to have been provided for
in the contract of lease. The most that can be said
is that the penalties imposed under certain conditions
flowing from the violation of the terms of a lease were
changed by the act of 1891.

But these penalties did not arise simply upon a vio-
lation of the terms of the lease. They were only im-
posed upon a tenant who, after the violation on his
part of the terms of his lease, wrongfully continued in
possession of the leased property; and the penalty was
not imposed for the violation of the terms of the lease,
but for the wrongful act in holding possession after
notice to quit, which such violation had entitled the
landlord to give. The law of 1891 for that reason
made no change in the rights of the parties under the
lease. The only change was in the penalty which the

legislature had seen fit to provide for the wrongful act
of holding possession of property after the violation
of the terms of the lease by the tenant, and after
notice to quit because of such violation.  Such wrong-
ful holding in the case at bar was long after the pas-
sage of the act of 1891.  Therefore, the tenant must
be presumed to have held over with full knowledge of
the fact that his wrongful act in so doing would sub-
ject him to the penalties provided for in the act of
1891.

The contention of the appellant is therefore met
and overcome upon the sole ground that the act which
is punished by the imposition of the penalties com-
plained of is so distinct from the lease that it has no
connection with contract rights thereunder.  But the
law imposing such penalties can, under the authorities,
be sustained upon other and broader grounds.  If it
should be held that the penalties imposed are on ac-
count of the violation of the terms of the lease, it
would, nevertheless, under the authorities, be compe-
tent for the legislature to change the penalties provided
for by the law in force at the time the lease was entered
into.  If the legislature could not increase the pen-
alty which could be imposed upon the tenant for the
reason that such increase would infringe his rights
under the contract of lease, it must necessarily follow
that it could not decrease such penalties for the reason
that such decrease would infringe the rights of the les-
sor under such contract of lease.  But it has been often
held that the legislature may thus decrease penalties.
The general doctrine upon that subject is well stated
in a note on p. 759 of 3 Am. & Eng. Enc. Law, in the
following language:

"When a party, by statutory provisions, becomes
entitled to recover a judgment in the nature of a

penalty, for a sum greater than that which is justly
due to him, the right to the amount which may be re-
covered does not become a vested right until judg-
ment is obtained; hence a repeal of the statute
conferring the right will purge all past transactions
of their penal character under it, unless they have
already passed to judgment,"

And in support of the doctrine thus announced,
such a long list of cases, from both the state and fed-
eral courts, is cited as to show that it is beyond ques-
tion.

In Cooley on Constitutional Limitations (5th ed.),
at page 351, the following statement is made : "A
law abolishing distress for rent has been sustained
as applicable to leases in force at its passage ;" and
the cases which have so held are cited in the margin,
and none are cited to the contrary proposition.

That the right to recover rent by distress is more
intimately connected with the contract of lease than
is the one to hold over after the notice to quit is evi-
dent. Hence, if legislation upon that subject can be
applied to existing contracts and sustained, with bet-
ter reason can that relating to the penalty for holding
over be so applied and sustained.

In the case of *Parmelee v. Lawrence*, 44 Ill. 405, it
was decided that it was within the power of the legis-
lature to take away the right of the maker of a note to
recover as a forfeiture three times the amount of in-
terest paid in excess of that authorized by law, and
that the statute which did this was not unconstitu-
tional when applied to notes made before its passage.
In its decision the court stated that the forfeiture was
in the nature of a penalty, and that the law recognized
no vested right in a penalty.

The question presented in this case falls directly
within the principle announced in the cases above re-

ferred to. The changes complained of did no more than to change the penalty for the violation of a contract, and since there can be no vested interest in a penalty, a law which has only the effect to change the penalty growing out of such violation has no effect upon vested rights. It follows from what we have said that in our opinion the law of 1891 did not infringe any vested right under leases executed before its passage.

The other objections to the complaint had no substantial foundation. The demurrer was properly overruled.

The next action complained of is the sustaining of the demurrer to the affirmative defense of the appellant. This defense is too lengthy to allow of its being set out in this opinion, and unless it is, little good would be accomplished by saying more than that we think the construction placed upon the answer by the superior court was correct. The fact that a receiver had been appointed in a suit brought to foreclose a mortgage against the lessee could not deprive the lessor of the right to obtain possession of the premises by a proceeding under the forcible entry and detainer act, and the fact that without any necessity therefor the lessor was made a party to that proceeding could not enlarge the rights of the receiver appointed in the action to foreclose the mortgage.

But one other question is presented of which we deem it necessary to take notice. It appears from the record that no notice to surrender possession was ever served upon the receiver, and it is claimed that before the proceeding could be instituted it was necessary that such service should have been made. If the receiver had been appointed at the time service upon the lessee was sought to be made, there would be force in this

claim; but it clearly appears that the notice which was the foundation of this action was served some days before the receiver was appointed, and it must be held that such service was binding upon the receiver. The effect of his appointment was to place him in that respect in the shoes of the lessee, and he took possession of the property under the lease, subject to the rights thereunder which had accrued by action in pursuance of law taken by either party. If no receiver had been appointed no further action would have been required on the part of the lessor before bringing the action, and the fact that such receiver was appointed to look after the rights of the lessee and his creditors could take nothing from the rights of the lessor. If we could hold, as contended for by the appellant, that the receiver was appointed to represent the rights of both the lessor and the lessee, the facts set up in the affirmative defense might be material; but, in our opinion, it was not competent for the court in an action to foreclose a mortgage which covered only the interests of the lessee to appoint a receiver who should represent not only that interest but also that of the lessor.

The claim that that portion of the judgment which declared a forfeiture of the lease cannot be sustained, for the reason that no forfeiture was asked for in the complaint, is without substantial merit. Sufficient appeared upon the face of the complaint to show the intention of the lessor to assert his rights under the act of 1891, and since under that act the lessee could, by performance of the conditions of the judgment, be restored to his rights under the lease, whether or not a forfeiture thereof was adjudged, the form of the judgment was immaterial.

The judgment will be affirmed.

ANDERS, GORDON and SCOTT, JJ., concur.

DUNBAR, J., concurs in the result.